**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4047**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS LEE BRINCEFIELD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:03-cr-00346-LCB-1)

Submitted:  September 25, 2019                    Decided:  November 15, 2019

Before GREGORY, Chief Judge, MOTZ, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  John Mcrae Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Lee Brincefield appeals the district court's judgment revoking his supervised release and imposing a sentence of 36 months of imprisonment. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the district court properly calculated the policy statement range and whether the sentence is unconstitutional given that Brincefield would not have been on supervised release had *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), been in effect at the time of his original conviction. Brincefield has filed pro se supplemental briefs generally repeating counsel's arguments and further contending that he is not a career offender. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). We conclude that the district court properly calculated the 33-to-36-month advisory policy statement range and the 3-year statutory maximum sentence and the 24-month advisory policy statement range and the 2-year statutory maximum sentence for Brincefield's respective counts of conviction. *See* 18 U.S.C. §§ 3559(a)(2), (a)(3), 3583(e)(3) (2012); 18 U.S.C. § 472 (2012); 21 U.S.C. §§ 841(b)(1)(B), 846 (2012); U.S.

Sentencing Guidelines Manual §§ 7B1.1(a)(1), (b), p.s., 7B1.4(a)(1), (b)(1), (3), p.s. (2015).

Next, we conclude that Brincefield may not raise a claim that the failure to apply *Simmons* to his original judgment violated his constitutional rights or challenge his career offender status in the current proceeding. As we previously held, a "supervised release revocation hearing is not a proper forum for testing the validity of an underlying sentence or conviction." *United States v. Sanchez*, 891 F.3d 535, 538 (4th Cir. 2018). Finally, to the extent Brincefield argues that his attorney was ineffective, we conclude that ineffective assistance of counsel does not conclusively appear from the record, and, thus, we decline to address this claim on direct appeal. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Brincefield's ineffective assistance of counsel claims are more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006).

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no meritorious grounds for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Brincefield, in writing, of the right to petition the Supreme Court of the United States for further review. If Brincefield requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's

motion must state that a copy thereof was served on Brincefield. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*